**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 1:24-cv-01710-MDB

WEI LI,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER**

---

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, hereby submits this Answer to Plaintiff's Complaint as follows:

**INTRODUCTION**

1. In 1978, Congress passed the Electronic Funds Transfer Act, 15 U.S.C § 1693 et seq. (the "EFTA") "to create rights for consumers in an era in which banking could be conducted almost exclusively through machines." *Wachter v. Denver Nat'l Bank*, 751 F. Supp. 906, 908 (D. Colo. 1990). These rights were necessary because "[t]he absence of personal contact was seen as a disadvantage in an automated system that is much more vulnerable to fraud, embezzlement and unauthorized use than traditional payment methods." Id. The purpose of the EFTA was "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b), "The primary objective of [EFTA], however, is the provision of individual consumer rights." *Id*.

**RESPONSE:** The statutes and case law referenced in Paragraph 1 of the Complaint speak for themselves. However, Chase denies any mischaracterizations, misstatements, or inconsistencies made in connection with the statues and case law referenced in Paragraph 1 of the Complaint. Chase further denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Plaintiff Wei Li ("Plaintiff") brings this action to vindicate his rights under the EFTA. Plaintiff maintains a personal checking account with Defendant JPMorgan Chase Bank, N.A. (the "Bank"). In January of 2024, someone used Plaintiff's checking account with the Bank to pay a credit card issued by the Bank. This credit card was not connected to Plaintiff's checking account in any way except the culprits used Plaintiff's account to pay the credit card. When Plaintiff learned that his account had been used to pay a credit card bill that he did not owe, he immediately contacted the Bank. He contacted both the credit card and consumer deposit account divisions of the Bank. The credit card side of the Bank had no problem recognizing that the credit card—issued in the same name as Plaintiff—was not issued to Plaintiff himself. The credit card side of the Bank closed the credit card account and confirmed, in writing, that the credit card was improperly opened in Plaintiff's name.

**RESPONSE:** Chase admits Plaintiff maintains a personal checking account with Chase. Chase admits amounts owed under credit card in Plaintiff's name were paid for using Plaintiff's personal checking account. Chase denies the remaining allegations in Paragraph 2 of the Complaint.

3.     This should have made it easy for the consumer deposit account side of the Bank to credit Plaintiff's account for the $24,026.39 that was improperly taken from Plaintiff. Since the

2

credit card side of the Bank had already acknowledged that the credit card account was fraudulent, the electronic funds transfer used to pay the credit card was similarly fraudulent.

**RESPONSE:** Chase denies the allegations in Paragraph 3 of the Complaint.

4.      But that is not what the consumer deposit account side of the Bank concluded. After receiving timely notification of Plaintiff's dispute, the Bank concluded that "the transaction(s) was processed according to the information you provided or was authorized." In other words, the consumer deposit account side of the Bank concluded that Plaintiff paid a credit card that was fraudulently opened in his name. This, of course, is not correct. This lawsuit follows.

**RESPONSE:** Chase admits that based on the information it received from Plaintiff, one of Chase's lines of service (departments) provided Plaintiff with a conclusion that certain transactions flagged by Plaintiff were authorized. Chase denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

**RESPONSE:** Chase admits that 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331 grant federal courts jurisdiction over claims brought under 15 U.S.C. § 1693m. However, Chase denies the allegations in Paragraph 5 of the Complaint to the extent that Plaintiff lacks standing to maintain his claim in the Complaint.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**RESPONSE:** Chase admits the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Plaintiff is a natural person who resides in the County of El Paso, State of Colorado.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 7 of the Complaint.

8. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1693a(6).

**RESPONSE:** The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 8 of the Complaint.

9. Plaintiff is a "person", as that term is defined by 12 C.F.R. § 1005.2(j).

**RESPONSE:** The allegations in Paragraph 9 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 9 of the Complaint.

10. The Bank is a national banking association operating from an address of 1111 Polaris Parkway, Columbus, Ohio 43240.

**RESPONSE:** The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase admits that it is a national banking association with its main office as indicated in Paragraph 10 of the Complaint and denies the remaining allegations in Paragraph 10.

11. The Bank is a "financial institution", as that term is defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i).

**RESPONSE:** The allegations in Paragraph 11 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase admits it is a financial institution and denies the remaining allegations in Paragraph 11 of the Complaint.

## FACTS

12. Plaintiff has a demand deposit account, commonly referred to as a checking account, with the Bank (the "Checking Account").

**RESPONSE:** Chase admits the allegations in Paragraph 12 of the Complaint.

13. Plaintiff uses his Checking Account primarily for personal, family, or household purposes.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 13 of the Complaint.

14. The Checking Account is not held or established pursuant to a bona fide trust relationship.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 14 of the Complaint.

15. The Checking Account is an "account", as that term is defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005(2)(b)(1).

**RESPONSE:** The allegations in Paragraph 15 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Chase admits the Checking Account is an account and denies the remaining allegations in Paragraph 15 of the Complaint.

16. On or about January 3, 2024, Plaintiff learned of fraudulent activity in his Checking Account.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 16 of the Complaint.

17. There were multiple transactions involving a debit card and two electronic funds transfers to pay a Chase credit card.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 17 of the Complaint.

18. For the electronic funds transfers to pay the credit card, there were transactions for $10,000.00 and $14,076.39.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 18 of the Complaint.

19. The electronic funds transfers to pay the Chase credit card were to pay a credit card that was fraudulently obtained using Plaintiff's name.

**RESPONSE:** Chase admits payments were made to pay a credit card that was in Plaintiff's name but was not opened by Plaintiff. Chase lacks sufficient knowledge or information to admit or deny the remaining allegations and therefore denies the remaining allegations in Paragraph 19 of the Complaint.

20. Plaintiff did not open the credit card.

**RESPONSE:** Chase admits the allegations in Paragraph 20.

21. Plaintiff did not make any of the charges on the credit card.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 21 of the Complaint.

22. Plaintiff was not responsible for any of the charges on the credit card.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 22 of the Complaint.

23. The Bank closed the credit card account when Plaintiff notified the Bank that he did not open it.

**RESPONSE:** Chase closed the credit card account upon determination that the account was opened fraudulently. Chase denies the remaining allegations in Paragraph 23 of the Complaint.

24. Upon receiving notice from Plaintiff, the Bank reversed the debit card transactions on the Checking Account.

**RESPONSE:** Chase reversed the debit card transactions on the Checking Account upon determination that the account was opened fraudulently. Chase denies the remaining allegations in Paragraph 24 of the Complaint.

25. Upon receiving notice from Plaintiff, the Bank did not reverse the electronic funds transfers to pay the Bank-issued credit card.

**RESPONSE:** Chase has provided Plaintiff with the funds that were fraudulently electronically transferred from the Checking Account to pay the credit card opened in Plaintiff's name. Chase denies the remaining allegations in Paragraph 25 of the Complaint.

26. Upon receiving notice from Plaintiff, the Bank allegedly did an investigation. At the conclusion of this alleged investigation, the Bank concluded the following:

> We have researched the transaction(s) you reported on 01/03/2024.
>
> Here's what you should know
> - We found that the transaction(s) was processed according to the information you provided or was authorized.
> - No adjustment will be made to your account at this time.
> - Contact us if you would like to request the information we used for our research.

**RESPONSE:** Chase admits it did an investigation using the information provided by Plaintiff. Chase admits that the referenced document speaks for itself. Chase denies the remaining allegations in Paragraph 26 of the Complaint.

27. The foregoing language is boilerplate language.

**RESPONSE:** Chase denies the allegations in Paragraph 27 of the Complaint.

28. The foregoing language is what the Bank tells everyone when it declines an electronic funds transfer dispute regardless of the cause of the dispute.

**RESPONSE:** Chase denies the allegations in Paragraph 28 of the Complaint.

29. The Bank is required to provide an explanation of its findings after receiving a dispute concerning an electronic funds transfer.

**RESPONSE:** The allegations in Paragraph 29 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 29 of the Complaint.

30. "Explanation" means "a reason or justification given for an action or belief."

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 30 of the Complaint.

31. The foregoing is not an explanation of the Bank's findings.

**RESPONSE:** Chase denies the allegations in Paragraph 31 of the Complaint.

32. A "conclusion" is the result or outcome of an investigation.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 32 of the Complaint.

33. The above mentioned "finding" is a conclusion, not an explanation.

**RESPONSE:** Chase denies the allegations in Paragraph 33 of the Complaint.

34.     At the time that the Bank concluded that the withdrawals "[were] processed according to the information [Plaintiff] provided or was authorized", the Bank had already closed the credit card account that was paid using Plaintiff's money.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 32 of the Complaint.

35.     The Bank could not have reasonably concluded that an error did not occur when it had documentation in its possession showing that Plaintiff did not open the credit card account.

**RESPONSE:** Chase denies the allegations in Paragraph 35 of the Complaint.

36.     The Bank did not have any information to suggest that Plaintiff had provided information to process the transactions.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 36 of the Complaint.

37.     Plaintiff did not provide information to process the transactions.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 37 of the Complaint.

38.     The Bank did not have any information to suggest that Plaintiff had authorized the transactions.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 38 of the Complaint.

39.     Plaintiff did not authorize the transactions.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 39 of the Complaint.

40. The Bank knowingly and willfully concluded that Plaintiff's Checking Account was not in error.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 40 of the Complaint.

41. On information and belief, the Bank did not conduct any investigation following Plaintiff's notification of the error.

**RESPONSE:** Chase denies the allegations in Paragraph 41 of the Complaint.

42. The Bank reviewed only the details of the transactions and performed a rudimentary data matching that would not pass for an investigation as that term is commonly understood to mean.

**RESPONSE:** Chase denies the allegations in Paragraph 42 of the Complaint.

43. To the extent that the Bank did conduct an investigation following Plaintiff's notification of the error, the Bank did not conduct such investigation in good faith.

**RESPONSE:** Chase denies the allegations in Paragraph 43 of the Complaint.

44. A good faith investigation would have entailed reviewing the information reasonably available to the Bank or in the Bank's possession, custody, or control, including the information used to conclude that the credit card account was improperly opened in the first instance.

**RESPONSE:** Chase denies the allegations in Paragraph 44 of the Complaint.

45. To the extent that the Bank did conduct an investigation following the Plaintiff's dispute, the Bank did not have a reasonable basis for believing that the Plaintiff's account was not in error.

**RESPONSE:** Chase denies the allegations in Paragraph 45 of the Complaint.

46. The Bank did not have a reasonable basis for believing that Plaintiff authorized the payment to the credit card.

**RESPONSE:** Chase denies the allegations in Paragraph 46 of the Complaint.

47. The Bank did not have a reasonable basis for believing that Plaintiff provided the information for the electronic funds transfers.

**RESPONSE:** Chase denies the allegations in Paragraph 47 of the Complaint.

48. The Bank knowingly and willfully concluded that Plaintiff's Checking Account was not in error but such conclusion could not reasonably have been drawn from the evidence available to the Bank at the time of its alleged investigation.

**RESPONSE:** Chase denies the allegations in Paragraph 48 of the Complaint.

49. On information and belief, the Bank routinely denies similar claims by claiming that the withdrawal was authorized or processed in accordance with the account holder's directions.

**RESPONSE:** Chase denies the allegations in Paragraph 49 of the Complaint.

50. The Bank incorrectly concluded that Plaintiff's Checking Account was not in error.

**RESPONSE:** Chase denies the allegations in Paragraph 50 of the Complaint.

51. On May 8, 2024, Plaintiff sent a letter to the Bank notifying the Bank that was again disputing the electronic funds transfers and provided a detailed explanation as to why they were not authorized.

**RESPONSE:** Chase admits Plaintiff sent a letter and that the document speaks for itself. Chase denies the remaining allegations in Paragraph 51 of the Complaint.

52. This letter also requested all records that the Bank is required to provide to Plaintiff following a dispute under the EFTA.

**RESPONSE:** Chase admits Plaintiff sent a letter and that the document speaks for itself. Chase denies the remaining allegations in Paragraph 52 of the Complaint.

53. The Bank received this letter on May 14, 2024.

**RESPONSE:** Chase admits it received a letter from Plaintiff and that the document speaks for itself. Chase denies the remaining allegations in Paragraph 53 of the Complaint.

54. Receipt of the letter was confirmed by the USPS.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 54 of the Complaint.

55. Following receipt of the letter, the Bank did not conduct an investigation.

**RESPONSE:** Chase denies the allegations in Paragraph 55 of the Complaint.

56. Following receipt of the letter, the Bank did not determine whether an error had occurred.

**RESPONSE:** Chase denies the allegations in Paragraph 56 of the Complaint.

57. Following receipt of the letter, the Bank did not mail the results of such investigation and determination to Plaintiff.

**RESPONSE:** Chase lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations in Paragraph 57 of the Complaint.

58. Following receipt of the letter, the Bank did not provisionally recredit Plaintiff's Checking Account for the amount alleged to be in error.

**RESPONSE:** Chase has provided Plaintiff with the funds that were fraudulently electronically transferred from the Checking Account to pay the credit card opened in Plaintiff's name. Chase denies the remaining allegations in Paragraph 58 of the Complaint.

59. Following receipt of the letter, the Bank did not explain its findings to Plaintiff.

**RESPONSE:** Chase denies the allegations in Paragraph 59 of the Complaint.

60. Following receipt of the letter, the Bank did not promptly deliver or mail to Plaintiff reproductions of all documents that the Bank relied upon to conclude that an error did not occur.

**RESPONSE:** Chase denies the allegations in Paragraph 60 of the Complaint.

61. The Bank's failure to comply with the law and return more than twenty-four thousand dollars missing from Plaintiff's account has caused Plaintiff emotional distress.

**RESPONSE:** Chase denies the allegations in Paragraph 61 of the Complaint.

## COUNT I
### (Violations of EFTA)

62. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

**RESPONSE:** Chase incorporates by reference its prior answers and denials to all paragraphs in this Answer as if fully set forth herein.

63. Each electronic funds transfer is an "error" as that term is defined by 15 U.S.C. § 1693f(f) and 12 C.F.R. § 1005.11(a).

**RESPONSE:** The allegations in Paragraph 63 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase states that the referenced statutes speak for themselves.

64.     Plaintiff notified the Bank of the errors in accordance with 15 U.S.C. § 1693f(a) and the Bank's express and accepted directions.

**RESPONSE:** The allegations in Paragraph 64 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase states that the referenced statutes speak for themselves and denies the remaining allegations in Paragraph 64.

65.     The Bank has failed to investigate the errors, determine that errors have occurred, and report or mail the results of such investigation and determination within ten business days to Plaintiff in violation of 15 U.S.C. § 1693f(a).

**RESPONSE:** The allegations in Paragraph 65 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 65.

66.     The Bank has failed to provisionally recredit Plaintiff's accounts for the amounts alleged to be in error, including interest as applicable, pending the conclusion of its investigation and its determination of whether an error has occurred in violation of 15 U.S.C. § 1693f(c).

**RESPONSE:** The allegations in Paragraph 66 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 66.

67. The Bank has failed to deliver or mail to Plaintiff an explanation of its findings within three business days after the conclusion of its investigation in violation of 15 U.S.C. § 1693f(d).

**RESPONSE:** The allegations in Paragraph 67 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 67.

68. The Bank has failed to deliver or mail to the Plaintiff all documents the Bank relied upon to conclude that an error did not occur in violation of 15 U.S.C. § 1693f(d).

**RESPONSE:** The allegations in Paragraph 68 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 68.

69. Plaintiff is entitled to actual damages including emotional distress damages in an amount to be determined at trial. 15 U.S.C. § 1693m(a)(1).

**RESPONSE:** The allegations in Paragraph 69 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 69.

70. Plaintiff is entitled to statutory damages in an amount of at least $100.00 and not more than $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A).

**RESPONSE:** The allegations in Paragraph 70 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 70.

71. Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e)(1).

**RESPONSE:** The allegations in Paragraph 71 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 71.

72.     Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e)(2).

**RESPONSE:** The allegations in Paragraph 72 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 72.

73.     Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

**RESPONSE:** The allegations in Paragraph 73 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Chase denies the allegations in Paragraph 73.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief for which an answer is not required. To the extent an answer is required, Chase denies that Plaintiff is entitled to the relief requested in this section.

## DENIAL OF ALLEGATIONS

Except as expressly and specifically admitted above, Chase denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

Chase hereby sets forth its Affirmative Defenses to the Complaint. By listing any matter as a defense, Chase does not assume the burden of proof or any other burden if such burden would

be on the Plaintiff under applicable law. Chase reserves the right to add to, delete from, and/or modify its affirmative defenses as this matter proceeds and its investigation continues.

1. The Complaint, and each alleged claim for relief, fails to state a claim upon which relief can be granted.

2. The Complaint, and each alleged claim for relief, is barred to the extent that Plaintiff has been paid all amounts that are owed to Plaintiff.

3. Plaintiff's claims fail where the alleged damages are too remote or speculative.

4. At all times relevant to this action, Chase acted in good faith and acted reasonably when investigating Plaintiff's complaints.

5. Though Chase does not admit the existence of such, any duties or obligations which Chase allegedly owes to Plaintiff have been legally excused.

6. Plaintiff has waived some or all of the rights he asserts in the Complaint.

7. The Complaint, and each alleged claim for relief, is barred to the extent that Plaintiff had knowledge of, acquiesced in, approved of, consented to, and/or ratified some or all of the acts, conduct or omissions alleged in the Complaint.

8. By reason of his acts and/or conduct, Plaintiff has unclean hands and is not entitled to some or all of the relief sought through his Complaint.

9. The incidents alleged in the Complaint, and the alleged damages and injuries, if any, to Plaintiff, were proximately caused or contributed to by Plaintiff's own breach of contract, negligence, participation, or other acts or omissions.

10. Plaintiff's claims against Chase are barred by the failure of Plaintiff and/or his agents and representatives to follow the contract documents.

11. The Complaint, and each alleged claim for relief, is barred in whole or in part by the doctrine of estoppel.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff or offset.

Date: August 1, 2024                                  Respectfully submitted,

*/s/ Harrison J. Meyers*
Ronald, J. Tomassi, Jr.
Colorado Bar No.: 50802
Harrison J. Meyers
Colorado Bar No.: 52653
**LEÓN COSGROVE JIMÉNEZ, LLP**
999 18th St., #1200S
Denver, Colorado 80202
Telephone: (720) 689-7749
Facsimile: (305) 351-4059
Email: rtomassi@leoncosgrove.com
Email: hmeyers@leoncosgrove.com
Email: rmartinez@leoncosgrove.com

*Attorneys for JPMorgan Chase Bank, N.A.*

18

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 1, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF electronic filing system with a copy to be served upon counsel via email:

| | |
|---|---|
| Daniel James Vedra<br>**VEDRA LAW LLC**<br>1444 Black Street<br>Denver, CO 80202<br>Phone: (303) 937-6540<br>Fax: (303) 937-6547<br>Email: dan@vedralaw.com<br><br>*Attorney for Plaintiff* | JPMorgan Chase Bank, N.A.<br>**LEÓN COSGROVE JIMÉNEZ, LLP**<br>c/o Harrison J. Meyers, Esq. and Ronald J. Tomassi, Jr., Esq.<br><br>*Attorneys for Defendant* |