IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-1710-DDD-MDB

WEI LI,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

    Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

[NO SCHEDULING CONFERENCE IS SET] A Scheduling Conference was held on September 17, 2024.

~~Counsel for each party are as follows~~ Representing the parties, were:

Counsel for Plaintiff: Daniel Vedra of Vedra Law LLC, located at 1444 Blake Street, Denver CO, 80202, (303) 937-6540.

Counsel for Defendant: ~~Ronald Tomassi and~~ Harrison Meyers of León Cosgrove Jiménez, LLP, located at 999 18th St., #1200S Denver, Colorado 80202.

**2. STATEMENT OF JURISDICTION**

Plaintiffs: Jurisdiction is proper based on 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

Defendant: Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") acknowledges that jurisdiction is based on 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

However, Chase further avers that jurisdiction is lacking in this case insofar as Plaintiff cannot establish standing for want of a concrete injury.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

Plaintiff Wei Li ("Plaintiff") brings this action to vindicate his rights under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"). Plaintiff maintained a personal checking account with Defendant JPMorgan Chase Bank, N.A. (the "Bank"). Plaintiff maintains a personal checking account with the Bank. In January of 2024, someone used Plaintiff's checking account with the Bank to pay a credit card issued by the Bank. This credit card was not connected to Plaintiff's checking account in any way except the culprits used Plaintiff's account to pay the credit card. When Plaintiff learned that his account had been used to pay a credit card bill that he did not owe, he immediately contacted the Bank. He contacted both the credit card and consumer deposit account divisions of the Bank. The credit card side of the Bank had no problem recognizing that the credit card—issued in the same name as Plaintiff—was not issued to Plaintiff himself. The credit card side of the Bank closed the credit card account and confirmed, in writing, that the credit card was improperly opened in Plaintiff's name.

This should have made it easy for the consumer deposit account side of the Bank to credit Plaintiff's account for the $24,026.39 that was improperly taken from Plaintiff. Since the credit card side of the Bank had already acknowledged that the credit card account was fraudulent, the electronic funds transfer used to pay the credit card was similarly fraudulent.

But that is not what the consumer deposit accounts side of the Bank concluded. After receiving timely notification of Plaintiff's dispute, the Bank concluded that "the transaction(s) was processed according to the information you provided or was authorized." In other words, the consumer deposit account side of the Bank concluded that Plaintiff paid a credit card that was fraudulently opened in his name. This, of course, is not correct. This lawsuit follows.

Defendant: Chase denies that Plaintiff is entitled to the relief sought in the Complaint, and further denies that Plaintiff has been damaged as alleged. Specifically, without making any admission as to the propriety of any notice provided, Chase performed an investigation into the matters identified in the Complaint, including a comprehensive review of the account, the disputed charges, and other information and documents that Chase obtained as part of its investigation. Following its investigation, Chase provided written notification of the findings of its investigation.

Upon additional information provided by Plaintiff, Chase proceeded to review (again) the allegations that Plaintiff had not authorized the credit card. After using the

2

additional information provided by Plaintiff, Chase permanently reimbursed the entire $24,066.18. Accordingly, the Complaint fails to establish any concrete injury Plaintiff suffered.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Chase is a national banking association organized under 12 U.S.C. §§ 12 et seq.

## 5. COMPUTATION OF DAMAGES

Plaintiff:

1. Plaintiff seeks actual damages under the EFTA, including damages for emotional distress, pursuant to 15 U.S.C. § 1693m(a)(1), and trebled under 15 U.S.C. § 1693f(e).

2. Plaintiff seeks statutory damages under 15 U.S.C. § 1693m(a)(2) in the amount of $1,000.00

4. Plaintiff's non-economic damages are not capable of precise disclosures as contemplated by Fed. R. Civ. P. 26(a)(1).

5. Plaintiff is entitled to his reasonable attorney fees and cost pursuant to 15 U.S.C. § 1693m(a)(3).

Defendant:

Chase denies that Plaintiff is entitled to damages. Chase has not asserted any claim for damages and is not presently seeking damages from Plaintiff. Chase reserves the right to seek recovery of damages as well as its actual costs and/or attorneys' fees under any legally recognized basis.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

Thursday, August 22, 2024.

    b.  Names of each participant and party he/she represented.

Daniel J. Vedra representing Plaintiff.

Harrison Meyers and Ronald Tomassi representing Defendant.

    c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff:  Plaintiff submitted his Rule 26(a)(1) Disclosures on August 9, 2024.

Defendant: Defendant intends to submit Rule 26(a)(1) Disclosures within fourteen days of the above referenced Rule 26(f) meeting.

    d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

~~None.~~ Defendant shall supplement initial disclosures, if any, on or before September 27, 2024.

    e.  Statement concerning any agreements to conduct informal discovery:

None.

    f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to number deposition exhibits consecutively.

    g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not expect the claims or defenses in this case to involve extensive electronically stored information. If each party has electronically stored information, it will all be subject to disclosure and/or discovery.  The parties expect to exchange all relevant documents in Portable Document Format (PDF) unless the native format is specifically requested.

    h.  Statement summarizing the parties' discussions regarding the possibilities

for promptly settling or resolving the case.

Knowing that Plaintiff's alleged damages, if any, are minimal due to the payment received by Plaintiff on June 27, 2024, Defendant has requested a demand from Plaintiff as to their remaining alleged damages. As of this filing, Plaintiff has not provided Chase with a demand or even a calculation of alleged damages.

## 7. CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Six depositions per side including experts. No changes to the number of interrogatories.

b. Limitations which any party proposes on the length of depositions.

All depositions shall be limited to seven hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party may serve a maximum of 15 requests for production and 15 requests for admission.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

All written discovery requests must be served sixty days before the discovery cutoff.

e. Other Planning or Discovery Orders

OBJECTIONS TO DISCOVERY REQUESTS:

~~Plaintiff seeks the Defendant to agree that there will be no general objections~~

~~included in discovery responses for three important reasons: 1. It makes it unclear whether the "general objection" applies to any specific request and the rules require specific objections, e.g., Rule 33 (b)(4) "The grounds for objecting to an interrogatory must be stated with specificity."; 2. There is no clear indication that by including general objections as to whether or not any information is actually being withheld based on the objection; 3. To the extent that the general objection is based on privilege or work product, a party who asserts a privilege or work product must comply with Rule 26(b)(5) that requires the party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore, a general objection on these grounds is not appropriate.~~

~~Plaintiff also seeks the Defendant to agree that if a specific objection is made by a party to a discovery request, the party must state whether or not there is any discovery being withheld on the basis of the objection. This can alleviate unnecessary motion practice for the parties. If there is no discovery withheld, then there is no need for a motion to compel if there is an issue as to the viability of the objection.~~

~~Defendant: Defendant reserves its right to assert general objections to Plaintiff's discovery requests and will assess its objections to Plaintiff's discovery requests, if any, upon review of the requests, if any. Additionally, to the extent Plaintiff requests a specific document from Chase, Chase agrees that it will state whether or not such document exists. However, Chase reserves its right to specifically object to a document request if the request is so broad that Chase cannot reasonably identify documents covered by Plaintiff's request.~~

The parties shall follow the Uniform Practice Standards regarding discovery disputes.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

September 12, 2024

    b.    Discovery Cut-off:

March 7, 2025

    c.    Dispositive Motion Deadline:

April 7, 2025

    d.    Expert Witness Disclosure

6

      1.    The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff may disclose a witness in the areas of damages and reasonableness of Defendant's procedures for investigating EFTA disputes.

Defendant: Chase may disclose experts in rebuttal to Plaintiff's experts.

      2.    Limitations which the parties propose on the use or number of expert witnesses.

The Parties agree to no more than one expert per topic, per side. Each side shall be limited to 2 retained expert witnesses, absent leave of court.

      3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 29, 2024.

      4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 30, 2025.

    e.    Identification of Persons to Be Deposed:

Plaintiff:

A Rule 30(b)(6) Designee of Defendant
Any person who investigated Plaintiff's dispute

Defendant:  Plaintiff Li Wei
Any individual reasonably believed to possess information related to Plaintiff's damages.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:
December 2, 2024 at 11:00 a.m. The Status Conference will be conducted by video using the attached instructions. The parties shall submit a Joint Status Report on or before November 27, 2024.

   b. ~~A final pretrial conference will be held in this case on _____ at o'clock~~

   ~~_____.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

Final Pretrial Conference, Trial Preparation Conference, and trial dates will be set once the dispositive motion deadline has passed and the Court has issued rulings on all such motions.

## 11. OTHER SCHEDULING MATTERS

   a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

   b. Anticipated length of trial and whether trial is to the court or jury.

Maximum of four days to a jury, likely three days.

   c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse
   1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

   The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

   Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

   With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

   Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

~~Plaintiff:~~ The scheduling order may be altered or amended only upon a showing of good cause.

~~Defendant: The scheduling order may be altered or amended only upon a showing of good cause or by agreement of the Parties.~~

DATED this 17th day of September, 2024.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
Daniel J. Vedra
1444 Blake Street
Denver, CO 80202
303-937-6540

/s/ Harrison Meyers
Ronald J. Tomassi, Jr., #50802
Harrison J. Meyers, #52653
**LEÓN COSGROVE JIMÉNEZ, LLP**
999 18th St., #1200S
Denver, Colorado 80202
(720) 689-7749

9