## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Case No.: 1:24-cv-01710-DDD-MDB

WEI LI,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

---

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S FIRST MOTION
## TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE

---

      Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, hereby files this First Motion to Extend the Dispositive Motions Deadline ("Motion") in this matter. In support, Chase states as follows:

### D.C.COLO.LCivR 7.1(a) CERTIFICATION

      Undersigned counsel conferred with Plaintiff's counsel via email on Friday, May 2, 2025. Plaintiff's counsel has advised that Plaintiff opposes the relief requested in this Motion.

### ARGUMENT

      1.      On September 17, 2024, Judge Dominguez Braswell entered the Scheduling Order in this matter, which set the dispositive motions deadline for April 7, 2025. [ECF No. 22 at 6].

      2.      On March 14, 2025, the Parties filed a Joint Status Report in which Chase indicated that it intended to seek an extension of the dispositive motions deadline to permit the parties to

conduct settlement negotiations without expending time and resources on dispositive motions. [ECF No. 30 at 1–2].

3.      On March 21, 2025, before any of the Parties formally sought to move the dispositive motions deadline, Judge Dominguez Braswell extended the deadline to May 7, 2025. [ECF No. 32].

4.      The Parties have not been able to settle this matter, and undersigned counsel now requires additional time to prepare dispositive motions in this case.

5.      Undersigned counsel respectfully requests that the dispositive motions deadline be extended 30 days, up to and including **Friday, June 6, 2025**.

6.      Good cause exists for the requested extension.

7.      First, undersigned counsel's review of the discovery in this case, in preparation for Chase's summary judgment motion, has revealed an additional issue with Plaintiff's personal credibility that, in Chase's view, must also be briefed by the dispositive motions deadline because it warrants dispositive relief:

> a.      The primary measure of recovery in this case is Plaintiff's emotional damages, if any, because Plaintiff has been fully reimbursed for his out-of-pocket damages, his statutory damages are capped at $1,000, and any attorney's fees are not Plaintiff's to recover individually. Accordingly, Chase directed its discovery, in part, toward identifying other potential causes of Plaintiff's alleged emotional damages during the period of time at issue in this litigation.

b.   On February 20, 2025, Plaintiff testified at his deposition that he had not used any medications or seen any medical providers during the relevant period. Plaintiff also reaffirmed written discovery responses consistent with this testimony.

c.   However, sworn deposition testimony by Plaintiff's sister (on February 24, 2025) and wife (on March 5, 2025) described in detail how, during the relevant period, Plaintiff took daily medications for a thyroid condition. Undersigned counsel's research suggests that the relevant condition, and the most common medications used to treat it, can result in symptoms and side effects that are consistent with the claimed emotional damages in this case.

d.   On April 8, 2025, Chase received a signed errata sheet making several changes to Plaintiff's testimony. The errata sheet indicated that Plaintiff had personally reviewed his deposition transcript and needed to make six factual corrections to the testimony, including to dollar amounts, time periods, and his wife's profession. Plaintiff's corrections did not address his testimony that he did not use any medications during the relevant period.

e.   Based on the inconsistency between the stories told by Plaintiff and the people that—according to Plaintiff's own disclosures—know him best, it appears to Chase that Plaintiff has willfully misrepresented material facts concerning his emotional damages.

f.   Because Plaintiff's lack of candor with respect to his medication use goes to the principal alleged damages for his sole cause of action in this case,

3

Chase intends to seek dismissal with prejudice, among other potential sanctions.

g.  Chase requires additional time to prepare a second dispositive motion under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) based on Plaintiff falsifying his discovery responses and deposition testimony.

h.  This issue was not apparent until discovery closed and Chase obtained the errata sheet on April 8, 2025, which followed the first extension of the dispositive motions deadline.

8.  Second, undersigned counsel has had several pressing short-term obligations in other cases, including (1) an appellate brief due May 27, 2025, on Chase's behalf, in *MacIntyre v. Supreme Court of Colorado et al.*, No. 24-1476 (10th Cir.); (2) a May 1, 2025, bench trial, on Chase's behalf, in *Jolynn Screws v. Chase Bank*, No. 2024C4499 (Larimer Cnty. Ct.); (3) motions to dismiss filed April 16, 2025 , on undersigned counsel's individual behalf, and April 21, 2025, on Chase's behalf, in *Alvarez v. JPMorgan Chase Bank, N.A. et al.*, No. 2025CV225 (Denver. Cnty. Dist. Ct.); and (4) a mediation statement submitted April 23, 2025, on behalf of another client, in *Efstathion v. CBRE Capital Markets, Inc.*, No. 24-cv-60754-MD (S.D. Fla.).

9.  No party will be prejudiced by the relief requested herein. No trial date has been set in this matter. This is Chase's first time moving to extend dispositive motions deadline.

10.  Undersigned counsel does not file this Motion for the purpose of delay; indeed, the requested extension would keep the dispositive motions deadline within a year of this action's filing.

11.    Pursuant to D.C.COLO.LCivR 6.1(c), this Motion shall be served contemporaneously on Chase.

WHEREFORE, Chase respectfully requests that the Court enter an Order: (1) extending the dispositive motions deadline up to and including **Friday, June 6, 2025**; and (2) granting such other and further relief as the Court deems just and proper.

Date: May 2, 2025                                        Respectfully submitted,

_/s/ Harrison J. Meyers_
Ronald J. Tomassi, Jr.
Colorado Bar No.: 50802
Harrison J. Meyers
Colorado Bar No.: #52653
**LEÓN COSGROVE JIMÉNEZ, LLP**
999 18th St., #1200S
Denver, Colorado 80202
Telephone: (720) 689-7749
Facsimile: (305) 351-4059
Email: rtomassi@leoncosgrove.com
Email: hmeyers@leoncosgrove.com

_Attorneys for JPMorgan Chase Bank, N.A._

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 2, 2025, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF electronic filing system, with a copy to be served upon

counsel via email:

Daniel James Vedra                               JPMorgan Chase Bank, N.A.
**VEDRA LAW LLC**                                **LEÓN COSGROVE JIMÉNEZ, LLP**
1444 Black Street                                c/o Harrison J. Meyers, Esq. and Ronald J.
Denver, CO 80202                                 Tomassi, Jr., Esq.
Phone: (303) 937-6540
Fax: (303) 937-6547                              *Attorneys for Defendant*
Email: dan@vedralaw.com

*Attorney for Plaintiff*

                                                 */s/ Raven Martinez*
                                                  Raven Martinez