**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Case No.: 1:24-cv-01710-DDD-MDB**

WEI LI,

    Plaintiff,
v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S SECOND MOTION
TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE**

---

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, hereby files this Second Motion to Extend the Dispositive Motions Deadline ("Motion") in this matter. In support, Chase states as follows:

**D.C.COLO.LCivR 7.1(a) CERTIFICATION**

Undersigned counsel conferred with Plaintiff's counsel via email on Monday, June 2, 2025. Plaintiff's counsel has advised that Plaintiff opposes the relief requested in this Motion.

**ARGUMENT**

1.    On September 17, 2024, Judge Dominguez Braswell entered the Scheduling Order in this matter, which set the dispositive motions deadline for April 7, 2025. [ECF No. 22 at 6].

2.    On March 14, 2025, the Parties filed a Joint Status Report in which Chase indicated that it intended to seek an extension of the dispositive motions deadline to permit the parties to

conduct settlement negotiations without expending time and resources on dispositive motions. [ECF No. 30 at 1–2].

3. On March 21, 2025, before any of the Parties formally sought to move the dispositive motions deadline, Judge Dominguez Braswell extended the deadline to May 7, 2025. [ECF No. 32].

4. On May 2, 2025, Chase filed its First Motion to Extend the Dispositive Motions Deadline to Friday, June 6, 2025. [ECF No. 33].

5. On May 8, 2025, the Court granted Chase's First Motion to Extend the Dispositive Motions Deadline. [ECF No. 35].

6. On May 29, 2025, Chase filed a Motion for Sanctions. [ECF No. 36].

7. On June 2, 2025, the Court stayed briefing on Chase's Motion for Sanctions, and set an Informal Discovery Conference for July 8, 2025, at 11:30 AM, before Judge Dominguez Braswell. The Parties were also ordered to file a Joint Discovery Dispute Report setting forth their positions on the issue raised in the Motion for Sanctions, which the Court referred to as "the discovery issue" (the "Discovery Issue"). [ECF No. 38].

8. The Discovery Issue is Plaintiff lying under oath about—or knowingly omitting—material facts that go directly to the main source of his alleged damages: emotional distress. Plaintiff testified that he does not have any underlying medical issues, does not take any medications, and does not routinely see a healthcare provider. However, sworn testimony by Plaintiff's wife and his sister demonstrates that Plaintiff has a health condition related to his thyroid for which he takes daily medication, and which he monitors with help from a healthcare provider. The side effects from Plaintiff's undisclosed condition, and the typical course of treatment, include

the same symptoms Plaintiff identifies here as emotional distress resulting from Chase's alleged EFTA violations. *See generally* [ECF No. 36].

9. Chase intends to file a motion for summary judgment in this matter. However, because the Discovery Issue may eliminate Plaintiff's claim or otherwise constrain Plaintiff's ability to recover damages for emotional distress, any motion for summary judgment cannot be properly or efficiently briefed until the Discovery Issue is resolved.

10. Any resolution of the Discovery Issue in Chase's favor would either remove the need for a motion for summary judgment or alter the scope and substance of the motion.

11. In the Motion for Sanctions, Chase seeks dispositive relief due to the Discovery Issue. If the sanction of dismissal is granted, there would be no need to file a motion for summary judgment.

12. Alternatively, should the Court limit Plaintiff's ability to recover damages for emotional distress, the entry of such relief would alter the substance of any motion for summary judgment. Plaintiff has alleged actual damages including the emotional distress at issue in the discovery dispute and the amount of the transactions at issue in this case. Because Plaintiff has been reimbursed for those transactions, the unavailability of emotional distress damages would expand the scope of any motion for summary judgment. Specifically, new issues would arise with respect to Plaintiff's ability to recover actual damages, as well as any treble damages based on actual damages.

3

13. Undersigned counsel respectfully requests that the dispositive motions deadline be extended until two weeks after the resolution of the Motion for Sanctions.[1]

14. Good cause exists for the requested extension, as the requested extension would preserve the Parties' time and resources by delaying potentially unnecessary motion practice, and otherwise facilitate efficient briefing.

15. No party will be prejudiced by the relief requested herein. No trial date has been set in this matter. This is Chase's second time moving to extend dispositive motions deadline.

16. Undersigned counsel does not file this Motion for the purpose of delay; indeed, the requested extension would serve judicial economy by obviating the need to prepare multiple rounds of briefing on summary judgment.

17. Pursuant to D.C.COLO.LCivR 6.1(c), this Motion shall be served contemporaneously on Chase.

WHEREFORE, Chase respectfully requests that the Court enter an Order: (1) extending the dispositive motions deadline until two weeks after the resolution of the Motion for Sanctions; and (2) granting such other and further relief as the Court deems just and proper.

---

[1] The briefing for the Motion for Sanctions is stayed. However, it appears that any resolution of the Discovery Issue would result in the resolution of the Motion for Sanctions. Therefore, Chase proposes tying any extension of the dispositive motions deadline to the Motion for Sanctions.

4

Dated: June 2, 2025

Respectfully submitted,

*/s/ Harrison J. Meyers*
Ronald J. Tomassi, Jr.
Colorado Bar No.: 50802
Harrison J. Meyers
Colorado Bar No.: #52653
**LEÓN COSGROVE JIMÉNEZ, LLP**
999 18th St., #1200S
Denver, Colorado 80202
Telephone: (720) 689-7749
Facsimile: (305) 351-4059
Email: rtomassi@leoncosgrove.com
Email: hmeyers@leoncosgrove.com

*Attorneys for JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 2, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, with a copy to be served upon counsel via email:

| | |
|---|---|
| Daniel James Vedra | JPMorgan Chase Bank, N.A. |
| **VEDRA LAW LLC** | **LEÓN COSGROVE JIMÉNEZ, LLP** |
| 1444 Black Street | c/o Harrison J. Meyers, Esq. and Ronald J. |
| Denver, CO 80202 | Tomassi, Jr., Esq. |
| Phone: (303) 937-6540 | |
| Fax: (303) 937-6547 | *Attorneys for Defendant* |
| Email: dan@vedralaw.com | |

*Attorney for Plaintiff*

>   */s/ Raven Martinez*
>   Raven Martinez

6